**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ESCALANTE-MELGAR, *et al.*, <br><br> Defendants. | Criminal Action No.: 16-453 <br><br> **OPINION AND ORDER** |

Oral argument was held in this matter on February 11, 2020 regarding the parties' pre-trial motions and motions *in limine*. During oral argument, the parties agreed that an evidentiary hearing is appropriate to provide the Court with additional information in connection with Defendants Sanchez-Aguilar's ("Sanchez-Aguilar") and Rivera-Robles'[1] motions to suppress custodial statements. ECF Nos. 81, 85. The Government and Sanchez-Aguilar disagree, however, over the scope of the evidentiary hearing needed and presented their arguments on the record. For the reasons set forth below, the Court concludes that Sanchez-Aguilar has not met his burden for showing that a broader evidentiary hearing is required.

Sanchez-Aguilar and the Government agree that an evidentiary hearing will allow the Court to examine the circumstances surrounding Sanchez-Aguilar's initial encounter with police on July 1, 2015, his transportation to the police interview, and the lead up to his interview. However, Sanchez-Aguilar also contends that an evidentiary hearing is needed to determine if Sanchez-Aguilar felt his will was overborne during the interview, whether Sanchez-Aguilar was

---

[1] The Government and Rivera-Robles are still discussing the contours of the evidentiary hearing with respect to Rivera-Robles' motion to suppress at this time.

1

read his *Miranda* rights properly, whether Sanchez-Aguilar felt that he was under arrest during the interview, and whether he properly gave consent to the search of his cellphone. The Government disagrees, arguing that an evidentiary hearing into Sanchez-Aguilar's videotaped police interview is unnecessary and amounts to a fishing expedition by Sanchez-Aguilar in order to gain an early view of the case the Government will present at trial. The Government states that the facts are undisputed given that the interview was videotaped, was conducted in Spanish, there is an English-language translation of the transcript, and Sanchez-Aguilar signed *Miranda* waiver forms.

Evidentiary hearings in criminal cases "are not granted as a matter of course." *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (citing Fed. R. Crim. P. 12(c)). To show that an evidentiary hearing is required on a particular issue, a defendant must show a "colorable claim" that his constitutional rights have been violated. *United States v. Brink*, 39 F.3d 419, 424 (3d Cir. 1994). Here, with respect to the videotaped interview, Sanchez-Aguilar has not identified any colorable claim that his rights have been violated. At oral argument, counsel for Sanchez-Aguilar posited that an evidentiary hearing could explore whether conversations were held off camera that made Sanchez-Aguilar feel pressure from the police, whether Sanchez-Aguilar felt inherently coerced by participating in an interview at a police station, or whether there were issues with the interview due to Sanchez-Aguilar's inability to speak English. Sanchez-Aguilar did not, however, point to any specific constitutional violations that occurred during his videotaped interview. *See Hines*, 628 F.3d at 105 (quoting *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996) ("To require an evidentiary hearing, a defendant's suppression motion therefore must set forth and identify for the court specific and concrete 'issues of fact material to the resolution of the defendant's constitutional claim.'")). The law is clear that unsupported allegations of speculative constitutional violations are insufficient to require an evidentiary hearing. There must instead be

specific allegations of unconstitutional conduct by the police. *See id.* ("At bottom, the purpose of an evidentiary hearing in the context of a suppression motion is to assist the court in ruling upon a defendant's specific allegations of unconstitutional conduct—its purpose is not to assist the moving party in making discoveries that, once learned, might justify the motion after the fact."). As Sanchez-Aguilar has not articulated any alleged specific unconstitutional conduct that took place during the videotaped interview, no evidentiary hearing is required on this issue. The evidentiary hearing will therefore be limited to Sanchez-Aguilar's contact with police on July 1, 2015 before his interview began.

**SO ORDERED.**

DATE: February 13, 2020

_____
**Claire C. Cecchi, U.S.D.J.**